IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**JOHN ROSS,**

                Plaintiff,   2:18-cv-514-FtM-99MRM

v.                            CASE NO.:

**CRAVE OF FORT MYERS, INC.**, a Florida Company,

**CRAVE MARKET & WICKED SANDWICH CO.**, a Florida Company,

**SEAN GAVIN**, individually,

                Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOHN ROSS ("Plaintiff"), files this Complaint against Defendants, CRAVE OF FORT MYERS, INC. ("CRAVE"), a Florida Company, CRAVE MARKET & WICKED SANDWICH CO. ("CRAVE MARKET"), a Florida Company, SEAN GAVIN ("GAVIN"), individually, (collectively "Defendants"), and states as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as this is a claim brought pursuant to the Fair Labor Standards Act, as amended ("FLSA"), 29 U.S.C. § 201, et seq., to recover unpaid overtime wages.

## PARTIES

2. At all times material to this action, Plaintiff was, and continues to be, a resident of Lee County, Florida.

[1]

3. At all times material to this action, Defendant, CRAVE was, and continues to be, a Florida Profit Company. Further, at all times material to this action, Defendant CRAVE was, and continues to be, engaged in business in Florida, with its principal place of business and mailing address located at Bridge Plaza 12901, McGregor Blvd. #6, Fort Myers, Florida 33919, in Lee County, Florida.

4. At all times material to this action, Defendant, CRAVE MARKET was, and continues to be, a Florida Profit Company. Further, at all times material to this action, Defendant CRAVE MARKET, was, and continues to be, engaged in business in Florida, with its principal place of business located at Bridge Plaza 12901, McGregor Blvd. #7, Fort Myers, Florida 33919, in Lee County, Florida.

5. Upon information and belief, at all times material to this action, Defendant GAVIN was, and continues to be, a resident of Lee County, Florida.

## FLSA COVERAGE

### ENTERPRISE COVERAGE

6. Based upon information and belief, Defendants' annual gross revenue exceeded $500,000.00 during the relevant time periods.

7. At all times material to this action, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as food supplies, equipment, cash registers and cleaning supplies, which were used directly in furtherance of Defendants' commercial activities as further described in paragraph 12 herein.

8. At all times material to this action, Defendants, were, and continue to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

## ENTERPRISE COVERAGE—MULTIPLE ENTITIES / SINGLE ENTERPRISE

9. Under the FLSA: "Enterprise means the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units including departments of an establishment operated through leasing arrangements." 29 U.S.C. § 203(r).

10. Defendants CRAVE and CRAVE MARKET are currently listed with the Florida Department of State, Division of Corporations, as "Active" businesses and share the same corporate officers and the same mailing address. (See Corporation search results for CRAVE and CRAVE MARKET attached hereto as **Exhibits A and B** respectively.)

11. At all times material hereto, Defendants CRAVE, and CRAVE MARKET performed "related activities," through a unified operation, and CRAVE, and CRAVE MARKET were under common control (by GAVIN), and they "operated for a common business purpose" and were a single "enterprise" within the meaning of the FLSA. 29 U.S.C. 203(r)(1).

12. Defendants CRAVE, and CRAVE MARKET shared a common business purpose of sales of restaurant food products out of retail locations. Specifically, Defendants operate two restaurants which are physically adjoined.

13. At all times relevant hereto, Defendants were a single enterprise and Plaintiff's "integrated employer" under the FLSA, because they had: (i) Common management; (ii) Interrelated operations; (iii) Centralized control of labor relations; and (iv) Common ownership / financial control.

## INDIVIDUAL COVERAGE

14. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that:

[ 3 ]

(a). The products and materials that Plaintiff used on a constant and continual basis, which were supplied to him by his employers to use on the job, moved through interstate commerce; and

(b). Plaintiff was regularly involved in the production of goods in commerce.

15. At all times material hereto, the work performed by the Plaintiff was essential to the business performed by Defendants.

## JOINT EMPLOYERS—CRAVE AND CRAVE MARKET

16. For purposes of the FLSA:

Where the employee performs work which simultaneously benefits two or more employers, or works for two or more employers at different times during the workweek, a joint employment relationship generally will be considered to exist in situations such as:

(1) Where there is an arrangement between the employers to share the employee's services, as, for example, to interchange employees;

(2) Where one employer is acting directly or indirectly in the interest of the other employer (or employers) in relation to the employee;

(3) Where the employers are not completely disassociated with respect to the employment of a particular employee and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer.

29 C.F.R. §§ 791.2(b)(1)–(3).

17. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

18. At all times material to this action, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

**INDIVIDUAL LIABILITY—EMPLOYER GAVIN**

19. At all times material to this action, Defendant GAVIN was the managing member and / or owner of CRAVE and CRAVE MARKET.

20. At all times material to this action, Defendant GAVIN was the Owner of CRAVE and CRAVE MARKET, and regularly held and / or exercised the authority to hire and fire employees of both entities.

21. At all times material to this action, Defendant GAVIN regularly held and / or exercised the authority to determine the work schedules for the employees of both entities.

22. At all times material to this action, Defendant GAVIN regularly held and / or exercised the authority to control the finances and operations of both entities.

23. By virtue of having held and / or exercised the authority to: (a) hire and fire employees of both entities; (b) determine the work schedules for the employees of both entities; and (c) control the finances and operations of both entities, Defendant GAVIN is an employer as defined by 29 U.S.C. § 201, et. seq.

## COUNT I
## VIOLATION OF THE FLSA—OVERTIME COMPENSATION

24. Plaintiff was employed by Defendants from September 2017 through May 30, 2018.

25. During that time, Defendants did not compensate Plaintiff for hours worked in excess of 40 per workweek.

26. From approximately September 2017 through May 30, 2018, Plaintiff worked for Defendants in excess of forty (40) hours within a workweek in one or more weeks.

27. From approximately September 2017 through May 30, 2018, Defendants failed to compensate Plaintiff at a rate of one-and-one-half times Plaintiff's regular rate of pay for any and all hours worked in excess of forty (40) hours in one or more workweeks.

28. Plaintiff should be compensated at the rate of one-and-one-half times the regular rate of pay for all hours worked in excess of forty (40) hours in one or more workweeks, as required by the FLSA.

29. Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendants.

30. Consequently, Defendants violated 29 U.S.C. § 207 from approximately September 2017 through May 30, 2018, in that:

> (a). Plaintiff worked in excess of forty (40) hours in one or more workweeks for the period of employment with Defendants;
>
> (b). No payments or provisions for payment were made by Defendants to properly compensate Plaintiff at the statutory rate of one-and-one-half times his regular rate for all hours worked in excess of forty (40) hours per workweek, as provided by the FLSA; and
>
> (c). Defendants failed to maintain proper time records as mandated by the FLSA.

31. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to an award of reasonable attorney's fees and costs.

**WHEREFORE**, Plaintiff requests a judgment entered in his favor, and against Defendants, for actual and liquidated damages as well as costs, expenses, and attorneys' fees, and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

[ 6 ]

Dated: July 25, 2018

Respectfully submitted,

By: /s/   Jason L. Gunter, Esq.
Jason L. Gunter
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system on July 25, 2018.

By: /s/   Jason L. Gunter, Esq.
Jason L. Gunter
Fla. Bar No. 0134694
Conor P. Foley
Fla. Bar No. 111977
**GUNTERFIRM**
1514 Broadway, Suite 101
Fort Myers, FL 33901
Phone: (239) 334–7017
Fax:   (239) 236–8008
Email: Jason@Gunterfirm.com
Email: Conor@Gunterfirm.com
*Counsel for Plaintiff*