# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**JOHN ROSS,**

          **Plaintiff,**

v.                        CASE NO.: 2:18-cv-514-FtM-99MRM

**CRAVE OF FORT MYERS, INC., CRAVE MARKET & WICKED SANDWICH CO.,**
**and SEAN GAVIN,** Individually,

          **Defendants.**

_____/

## JOINT MOTION TO APPROVE SETTLEMENT
## AND DISMISS WITH PREJUDICE

Plaintiff, JOHN ROSS ("Plaintiff"), and Defendants, CRAVE OF FORT MYERS, INC., CRAVE MARKET & WICKED SANDIWCH CO., and SEAN GAVIN ("Defendants") (collectively, the "Parties"), by and through their undersigned counsel, hereby move for approval of the Parties' Settlement Agreement and dismissal of Plaintiff's claims with prejudice, stating as follows:

1. Plaintiff filed his Complaint in this case on July 25, 2018, seeking unpaid wages under the Fair Labor Standards Act ("FLSA"). In his Complaint, Plaintiff alleged that Defendants were an "Enterprise" as defined by 29 U.S.C. § 203(r), and that he was entitled to overtime compensation for the hours worked over forty in a workweek when combining the hours from both of Defendants' establishments.

2. A bona fide dispute existed between the parties, as the Plaintiff claimed he was entitled to unpaid wages and liquidated damages as the result of allegedly not being paid for all overtime hours worked during his employment with Defendants. Defendants disputed Plaintiff's

claim regarding the number of hours he alleged he worked, the proper method to calculate any alleged overtime wages owed, and asserted that Plaintiff was paid for some overtime compensation during many of the applicable work weeks.

3. After discussion and negotiation between counsel, including an in person meeting, the exchange of substantial pay records and other relevant documentation, the Parties agreed upon a settlement and a document was prepared memorializing the terms of the agreement. A copy of the Settlement Agreement is attached hereto as Exhibit A. This Agreement was fully executed as of December 20, 2018.

4. Under the Agreement, Defendants will pay Plaintiff Two Thousand Five Hundred Dollars and 00/100 ($2,500.00) in consideration of his underlying claims for alleged unpaid wages and liquidated damages, as part of the consideration for dismissal of all Plaintiff's claims.

5. In addition to the payment outlined in Paragraph 4 above, Defendants will pay to Plaintiff's counsel the amount of Three Thousand Dollars ($3,000.00) for attorneys' fees and costs. Undersigned counsel aver that the amount of attorneys' fees was negotiated apart from, and without regard to, agreement on the amount of settlement funds to be paid to the Plaintiff. Plaintiff and Defendants jointly submit that the settlement reached herein is fair and reasonable.

6. In accordance with the Eleventh Circuit precedent *Lynn Food Stores, Inc. v. US. Dep't of Labor*, 679 F. 2d 1350, 1353 (11th Cir. 1982), and the Local Rules of this Court, the parties request that the Court approve their Agreement because the settlement involves a compromise of Plaintiff's claim.

7. In support of this Motion, the parties stipulate that: (a) the settlement of this matter is fair and reasonable; (b) the attorneys' fees to be paid by Defendants to resolve Plaintiff's claim

for fees under the FLSA are fair and reasonable, and were negotiated separately from the amounts for Plaintiff's underlying claims; and (c) there was no undue influence, overreaching, collusion, or intimidation in reaching the settlement.

### MEMORANDUM OF LAW

Pursuant to the law of this Circuit, judicial review and approval of this tentative settlement provides final and binding effect to an agreement to settle a compromise of a claim under the FLSA. *Lynn Food Stores, Inc. v. US. Dep't of Labor*, 679 F. 2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn Food Stores*,

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them ... The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. *Id* at 1352-53.

Before approving an FLSA settlement, the court must ensure that it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354. In determining whether the parties' Agreement is fair and reasonable, the Court should consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff s success on the merits; (5) the range of possible discovery; and (6) the opinions of counsel. *See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F. 3d 1527, 1531 n.6

(11th Cir. 1994). There is a strong presumption in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).

Here, the parties jointly submit there has been sufficient exchange of information to allow counsel for Plaintiff and Defendants to evaluate the Parties' claims and defenses, and to make recommendations to each party in agreeing upon the resolution of Plaintiff's claims as set forth in the Agreement. Indeed, after exchanging information and records from Plaintiff's employment, including various calculations regarding Plaintiff's alleged hours worked, the Parties engaged in settlement negotiations, and ultimately reached a resolution. In light of the uncertainties of and costs of further litigation, dispositive motions, and trial, a compromise has been agreed upon with Plaintiff receiving a sum acceptable to him in light of: (i) the potential hurdles in proving he worked uncompensated overtime; and (ii) the potential hurdles in establishing that he worked the volume of uncompensated overtime hours he claimed.

Plaintiff has been advised that if he proceeds in this matter, he may prove all of the damages, or a jury may choose to credit the Defendants' position, and that he may receive a lesser, or no, recovery. In light of these hurdles and uncertainty, Plaintiff agrees that the $1,250.00 he is receiving for damages on his alleged wage claim, plus an equal amount of $1,250.00 in liquidated damages, constitutes a reasonable and informed compromise of his claims.

Accordingly, in light of Defendants' agreement to pay Plaintiff the total sum of $2,500.00, separate and apart from his attorneys' fees, including consideration for his alleged unpaid wages and liquidated damages, the parties stipulate that their Agreement is fair and reasonable. Further the attorneys' fees and costs are not a percentage of Plaintiff's recovery in this case, such that there is no correlation between the amount of monetary consideration being paid to

Plaintiff and the amount of attorneys' fees and costs being paid by Defendants on Plaintiff's behalf. See 29 U.S.C. §216(b); *Kreager v. Solomon & Flanagan, P.A.*, 775 F. 2d 1541, 1542 (11th Cir. 1985). Rather, Plaintiff's attorneys' fees and costs were claimed by Plaintiff and his counsel separate and apart from the amounts sought by Plaintiff for his underlying claims, and were negotiated independently. As Judge Presnell explained in *Bonetti v. Embarq Management Co.*, 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009), where a

> plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

The compromise agreed upon by the parties resolves all of Plaintiff's claims for attorneys' fees and Plaintiff has no responsibility to his counsel for any out of pocket sums. Importantly, throughout the entirety of this case, Plaintiff was represented by experienced counsel who is Board Certified by The Florida Bar in Labor & Employment Law, and Defendants also has been represented by experienced counsel. The parties further advise the Court that their settlement herein includes every term and condition of the Parties' settlement.

**WHEREFORE**, the Parties respectfully request that the Court approve the attached Settlement Agreement as fair and reasonable.

Respectfully submitted this 20th day of December, 2018.

| | |
|---|---|
| */s/ Jason L. Gunter*<br>JASON L. GUNTER, ESQ.<br>Florida Bar No.: 0134694<br>CONOR P. FOLEY, ESQ.<br>Florida Bar No. 111977<br>GUNTERFIRM<br>1514 Broadway, Suite 101<br>Fort Myers, FL 33901<br>Tel. No.: (239) 334-7017<br>Fax No.: (239) 236-8008<br>Email: jason@gunterfirm.com<br>Email: Conor@gunterfirm.com<br>*Counsel for Plaintiff* | */s/ Adam Stevens*<br>ADAM STEVENS, ESQ.<br>Florida Bar No.: 31898<br>POWELL, JACKMAN, STEVENS &<br>RICCIARDI, P.A.<br>Astevens@your-advocates.org<br>4575 Via Royale, Ste. 200<br>Fort Myers, FL 33919<br>Telephone: (239) 689-1096<br>*Counsel for Defendant* |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system on December 20, 2018.

>By:   /s/   **Jason L. Gunter, Esq.**
>Jason L. Gunter
>Fla. Bar No. 0134694
>Conor P. Foley
>Fla. Bar No. 111977
>**G U N T E R F I R M**
>1514 Broadway, Suite 101
>Fort Myers, FL 33901
>**Phone:**   (239) 334–7017
>**Fax:**   (239) 236–8008
>**Email:**   Jason@Gunterfirm.com
>**Email:**   Conor@Gunterfirm.com
>*Counsel for Plaintiff*

# EXHIBIT A

## SETTLEMENT AGREEMENT AND PLAINTIFF'S
## FULL AND FINAL RELEASE OF CLAIMS FOR UNPAID WAGES

1. This Agreement covers all understandings between JOHN ROSS (hereinafter referred to as "Plaintiff," a term which includes Plaintiff's successors, beneficiaries, personal representatives, and heirs), and CRAVE OF FORT MYERS, INC., CRAVE MARKET & WICKED SANDWICH CO., and SEAN GAVIN, INDIVIDUALLY (hereinafter referred to as "Defendants," a term which is defined to include any and all related entities, owners, directors, administrators, agents, officers, supervisors, employees, attorneys, or representatives [all in their official and individual capacities], as well as its heirs, executors, administrators, predecessors, successors, insurers, assigns, and all other persons, partnerships, firms or corporations, and their insurers who are related to CRAVE OF FORT MYERS, INC., CRAVE MARKET & WICKED SANDWICH CO., and SEAN GAVIN, INDIVIDUALLY.

2. For and in consideration of the promises outlined in Paragraph 3 of this Agreement, Plaintiff agrees as follows:

   A. To settle and release any and all claims which Plaintiff has against Defendants related to Plaintiff's claim for unpaid wages which arose or may have arisen prior to the date of execution of this agreement; including without limitation, claims set forth in Case No. 2:18-cv-514-FtM-99MRM (the "Lawsuit"); provided however, that any such release shall not be effective, final and binding if Defendants fail to make any portion of the payments described in Paragraphs 3 or 4 (the "Settlement Funds") or if any of said payments do not clear or if any of said payments are reversed due to bankruptcy proceedings filed by or against Defendants.

   B. To agree and acknowledge that this settlement does not constitute an admission by Defendants of any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiff's rights or of any duty owed by Defendants to Plaintiff. In fact, Plaintiff acknowledges that Defendants specifically deny any wrongdoing or violation of law, and that Defendants are entering into this settlement to avoid the uncertainties and costs associated with protracted litigation.

3. For and in consideration of the promises made by Plaintiff in Paragraph 2 of this Agreement, Defendants agree to pay the total consideration of Five Thousand Five Hundred Dollars and 00/100 ($5,500.00) in several separate payments as set forth in Paragraph 4 below ("Settlement Funds"). Plaintiff will receive a total of $2,500.00 representing wages and liquidated damages, and Plaintiff's counsel will receive $3,000.00, representing attorneys' fees and costs (the "Attorney Fee") incurred on Plaintiff's behalf.

4.      Under this Agreement, the Settlement Funds and Attorney Fee shall be disbursed as follows, within fourteen (14) days after the Court approves the parties' settlement:

   a. One check payable to JOHN ROSS in the amount of $1,250.00 representing liquidated damages to be reported on a Form 1099 and characterized as "other income"; and

   b. One check payable to JOHN ROSS for $1,250.00 representing wages to be reported on a W-2 (with applicable withholdings); and

   c. One check payable to Jason L. Gunter, P.A. in the total amount of $3,000.00, representing attorneys' fees and costs, to be reported on a Form 1099.

***Plaintiff is specifically aware of, and agrees with, the amount of attorneys' fees and costs to be paid to his counsel for representing his interests in this matter.***

5.      Each payment, as described in Paragraph 4 above must be **received by** Plaintiff's counsel (c/o Jason L. Gunter, Esq., GUNTERFIRM, 1514 Broadway, Suite 101 Fort Myers, FL  33901) by the due date described above.  If the Defendants fail to make any one of the payments described above by the due date, Jason Gunter will notify the Defendants' representative (Adam Stevens, Esquire) by e-mail at astevens@your-advocates.org and request a cure of this defect.  The Defendants shall thereafter have five (5) business days from the date of the notice to cure the defect (the "Cure Period").  If the defect is not cured within the Cure Period, the remaining balance of all amounts owed under this Agreement shall become immediately due and owing. Plaintiff shall have the right to immediately file suit or petition the court presiding over the Lawsuit to enter final judgment in favor of Plaintiff, and Defendants agree to entry of Judgment in Plaintiff's favor (i) in an amount equal to the total amount due under Paragraph 3, less any payments made pursuant to Paragraph 4, (ii) interest (at the applicable State of Florida interest rate in effect) from the date of execution of the Agreement, and (iii) reasonable attorneys' fees and costs associated with the entry of such judgment. Further, Defendants agree to waive any defenses except payment pursuant to Paragraph 4.

6.      In the event that Plaintiff or Defendants commence an action for damages, injunctive relief, or to enforce the provisions of the Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorneys' fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

7.      Plaintiff acknowledges and agrees that with the payment of the amounts stated in Paragraph 3, in light of the uncertainties of the parties' positions, he has been reasonably compensated for all wages and liquidated damages potentially owed to him

under the Fair Labor Standards Act, as well as all attorneys' fees incurred to date, after being provided full and fair opportunity to review all relevant pay and time records.

8. By this Agreement and the consideration called for therein as part of this settlement, the parties fully release each other from and against any and all claims, demands, costs, expenses, commissions, liens, debts, liabilities, judgments, sums of money, actions, and causes of action of whatever kind and nature arising out of, resulting from, or in any way related to the Plaintiff's claims for overtime compensation, including, but not limited to, all claims for contract damages, tort damages, breach of duty, tortious interference, conversion, special, general, direct, and consequential damages, compensatory damages, loss of profits, injury to persons or property, punitive damages, attorneys' fees and any and all other damages of any kind or nature that arose or may have arisen prior to the execution of this Agreement related to the Plaintiff's claims for overtime compensation.

9. Plaintiff and Defendants agree that this Settlement Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the agreement, the parties agree that the Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

10. This Agreement may be executed in several counterparts and, as executed, shall constitute one Agreement binding on all of the Parties, notwithstanding that all Parties are not signatories to the original or the same counterparts.  This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all such counterparts together shall constitute one and the same instrument.  An executed version of this Agreement, if transmitted by facsimile or if scanned and emailed, shall be effective and binding as if it were the originally executed document.

11. This Agreement supersedes all prior agreements and understandings between Plaintiff and Defendants regarding the subject matter described herein.  No cancellation, modification, amendment, deletion, addition, or other changes in this Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Plaintiff and the Defendants.

12. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the parties.

13. The law governing this Agreement shall be that of the United States and the State of Florida.

DATE: 12-17-18

JOHN ROSS

DATE: 12-20

On behalf of CRAVE OF FORT MYERS, INC., and CRAVE MARKET & WICKED SANDWICH CO.

Print: SEAN GAVIN

Title: President

DATE: 12-20

SEAN GAVIN, Individually

Page 4 of 4